Scott, J.
That an executor or administrator has the power, at common law, to submit to arbitration a disputed claim against the estate which he represents, is, we think, unquestionable. An important part of the duties which he is appointed to perform is the payment of the debts due from the estate. In the discharge of this duty, he must first ascertain the extent to which the claims presented for payment are just and valid. This he may do, if he and the creditors can so agree, either by means of arbitration or without it. And by such acts, done in good faith, the estate must be bound.
But it is claimed by the plaintiff in error that whatever power executors or administrators possessed, at common law, enabling them to submit controversies to arbitration, that power is regulated and modified by the statute, and can only be exercised accordingly. The provision relied on is found in section 262, amendatory of the “ act to provide for the settlement of the estates of deceased persons,” passed March 23, .1840 (Swan’s Stat. 403), and reads as follows:
“That if the executor or administrator doubt the justice of any claim presented or verified as provided for-by section eighty-five of ‘ an act to provide for the settlement of the estates of deceased persons,’ passed March 23, 1840, he may enter into an agreement, in writing, with the claimant, to refer the matter in controversy to three disinterested persons, who, if the claim does not exceed one hundred dollars, shall be approved of by a justice of the peace of *the county in which the parties, or either of them, reside; or if the claim exceeds one hundred dollars, the referees shall be approved by the probate judge of such county.”
This amendatory section was intended as a substitute for the original 86th section of the act amended, which was at the same time repealed. To understand its effect, we must therefore read it in connection with the sections which follow on the same subject, in the act amended. Swan’s Stat. 377. These sections provide, substantially, that when the amount of the claim so referred does not 'exceed one hundred dollars, the agreement of reference and the approval of the referees may be filed with such justice of the peace as the parties may agree upon, who shall thereupon docket the cause, appoint a day of trial, cite the referees, subpena witnesses, and proceed to the trial of the cause, and render judgment upon the finding of the referees. But if the claim so referred exceed one hundred dollars, the agreement of reference and approval of *269 the judge may be filed with the clerk of the court of common pleas of the county in which the parties, or either of them, reside, and said clerk shall thereupon docket the cause, and enter a rule referring the matter in controversy to the persons so selected. The referees shall thereupon hear and determine the matter, and make their report thereon to said court. This report the court may set aside, or confirm and render judgment thereon, which shall be valid and effectual, in all respects, as in other cases. Swan’s Stat. 377, original sections 87, 88, 89. The manifest object of these provisions was to furnish a mode of trial, a cumulative remedy, which, by consent of parties, the administrator might adopt, instead of an ordinary civil action. In this mode of trial, the award or report of the referees stands as the verdict of a jury, on which judgment may be summarily entered. To give it this effect, the requirements of the statute must be substantially pursued, and therefore the referees must be approved by the proper officer.
*But this cumulative remedy does not, as we think, take away or affect the common-law right of the parties to submit the matter in dispute between them to arbitration. The award rendered in such common-law arbitration, has no judicial force. It operates neither as a judgment nor as the verdict of a jury. The failure to perform it may constitute a cause of action, or its performance may furnish a good defense in a subsequent suit between the parties on the same subject-matter. But no judicial action can be had upon it without pleadings as in other cases.
The defendant in this ease did not ask that the award should be regarded as the report of referees made pursuant to statute. He simply interposed it, with tender of performance, as a matter of defense in the pending civil action; and this, we all think, he might properly do.

Judgment affirmed.

Brinkerhoee, C. J., and Sutliee and Gholson, JJ., concurred.
Peck, J., was absent.